[Cite as *In re C.A.B.* , 2012-Ohio-58.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
|  | : |  |
| IN RE: | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| C.A.B. | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| DEPENDENT CHILD | : | Case No. CT11-0032 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Muskingum County Court of Common Pleas, Juvenile Division Case No. 21130023


JUDGMENT:       AFFIRMED


DATE OF JUDGMENT ENTRY:  January 4, 2012


APPEARANCES:

For Mother-Appellant:

DOUGLAS E. RIDDELL, JR.
1441 King Ave., Suite 100
Columbus, OH 43212

For Appellee:

D. MICHAEL HADDOX
MUSKINGUM COUNTY
PROSECUTOR

MOLLY L. MARTIN
27 N. Fifth St.
P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Mother-Appellant T.B. appeals the July 11, 2011 decision of the Muskingum County Court of Common Pleas, Juvenile Division, to grant permanent custody of her child, C.A.B., to Appellee Muskingum County Children Services.

## STATEMENT OF THE FACTS AND CASE

{¶2} T.B. is the mother of C.A.B., born on February 1, 2011. Mother is married to E.B., C.A.B.'s father and father to two of her other children. Mother was incarcerated for welfare fraud at the time of C.A.B.'s birth. Muskingum County Children Services ("MCCS") filed a Complaint on February 2, 2011 alleging C.A.B. was neglected and dependent and requesting a disposition of permanent custody to MCCS, or in the alternative, temporary custody to MCCS. The court placed C.A.B. in the temporary custody of MCCS on February 3, 2011. C.A.B. was placed with a foster-to-adopt family.

{¶3} The guardian ad litem ("GAL") filed her report on April 25, 2011, recommending permanent custody of C.A.B. to MCCS. An adjudicatory and dispositional hearing was held on May 2, 2011. E.B. was served with notice of the hearing, but did not appear or have legal representation appear on his behalf. Mother, Grandmother, Dr. Wolfgang, Stacey Goddard (on-going caseworker with MCCS), Lori Moore (supervisor with MCCS), and the GAL testified at the hearing. The following facts were adduced from the hearing.

{¶4} C.A.B. is Mother's tenth child from seven different fathers. E.B. is the father of three of her children. The fathers of Mother's children have all been incarcerated at one time. Mother's three oldest children were permanently removed

from Mother's custody due to allegations of sexual abuse and Mother's inability to protect the children. Five children, ranging in ages from eight years old to one year old, are currently in the legal custody of Grandmother. One child is deceased, the victim of an unresolved homicide.

{¶5} Mother has been incarcerated twice. After Mother's most recent release from prison, she does not have employment or an independent residence. She states that she is no longer in contact with E.B. Mother's previous relationships and her relationship with E.B. have been violent, involving drugs and alcohol. The police have been called to Grandmother's house due to E.B. throwing a beer bottle at the home and banging on the door while the children were inside.

{¶6} Mother spends time with Grandmother and her five children. Grandmother is 61 years old, unemployed, and receiving Social Security and disability benefits. Grandmother resides in a three-bedroom home with the five children. Grandmother does not have a driver's license and relies on her husband, who lives in a different town, to drive her and the children to appointments. The children in Grandmother's legal custody who attend school are doing well in school. Placement with Grandmother of the four older children was against the recommendation of MCCS based on a home study of Grandmother's home. The one-year old child, the fifth child, was placed in Grandmother's legal custody because MCCS and the GAL determined it would not be in the child's best interests to be removed from the Grandmother's home because he had been with Grandmother since birth. The GAL could not make the same recommendation of legal custody with Grandmother for C.A.B. because C.A.B. has been in the care of MCCS since birth and was not bonded

with Mother or Grandmother.    The GAL felt six children with Grandmother would not be in C.A.B.'s best interests.

{¶7}   While Mother was incarcerated, MCCS brought C.A.B. to Mother in prison for visitation.  After Mother was released, Mother did not participate in visitation because she wanted visitation to occur at Grandmother's home and MCCS required supervised visitation at MCCS facilities.

{¶8}   On June 16, 2011, the magistrate issued his decision that permanent custody of C.A.B. should be awarded to MCCS.   Mother filed objections to the Magistrate's Decision on June 30, 2011.

{¶9}   The trial court overruled the objections and approved the Magistrate's Decision on July 11, 2011.  It is from this judgment Mother now appeals.

{¶10} Mother raises three Assignments of Error:

{¶11} "I. THE TRIAL COURT'S DECISION TERMINATING THE PARENTAL RIGHTS OF [T.B.] WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. TR., P. 190.

{¶12} "II. THE TRIAL COURT'S DETERMINATION THAT [C.A.B.] COULD NOT OR SHOULD NOT BE PLACED WITH HIS MOTHER, [T.B.], WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.  TR., P. 190.

{¶13} "III. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE MUSKINGUM COUNTY CHILD SERVICES AGENCY MADE THE REQUISITE

EFFORTS TO PREVENT REMOVAL OF THE CHILD FROM THE CHILD'S HOME OR MAKE IT POSSIBLE FOR THE CHILD TO RETURN SAFELY HOME.  TR., PP. 190."

**I., II.**

{¶14} Mother argues in her first and second Assignments of Error that the record does not support the trial court's decision to terminate Mother's parental rights. We disagree.

{¶15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses.  Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck Equipment Co. v. The Joseph A. Jeffries Co.*, 5th Dist. No. CA5758, 1982 WL 2911 (Feb. 10, 1982).  Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶16} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody.  R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶17} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to

grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶18} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶19} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child. If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a

reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶20} The trial court determined C.A.B. could not be placed with the parents within a reasonable time pursuant to R.C. 2151.414(E)(1), (2), (4), (11), (13), and (14). R.C. 2151.414(E)(1) requires a finding that "[f]ollowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home." R.C. 2151.414(E)(2) states, "[c]hronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code." R.C. 2151.414(E)(4) requires a finding that "[t]he parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child." R.C. 2151.414(E)(11) requires a finding that, "[t]he parent has had parental rights involuntarily terminated with respect to a

sibling of the child pursuant to this section or section 2151.353 or 2151.415 of the Revised Code, or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to those sections, and the parent has failed to provide clear and convincing evidence to prove that, notwithstanding the prior termination, the parent can provide a legally secure permanent placement and adequate care for the health, welfare, and safety of the child."  R.C. 2151.414(E)(13) requires a finding that "[t]he parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child."  And finally, R.C. 2151.414(E)(14) requires a finding that "[t]he parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect."

{¶21} A review of the records supports the trial court's decision that C.A.B. cannot be placed with Mother within a reasonable time.  Three children have been permanently removed from Mother's custody and five of her children are in the legal custody of Grandmother.  One child was killed while in Mother's care.  Mother has been incarcerated in prison twice, giving birth to C.A.B. while in prison.  Mother is not employed and does not have stable housing for C.A.B.  While Mother is married to Father, but not currently with Father, Mother has a history of violent relationships with the fathers of her children.

{¶22} We next turn to the best interests issue.  We have frequently noted, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost

respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children*, 5th Dist. No. 2000CA00244, 2000 WL 1700073 (Nov. 13, 2000) citing *In re Awkal*, 85 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist. 1994). The trial court determined it was in the best interests of C.A.B. to be placed in the permanent custody of MCCS pursuant to R.C. 2151.414(D). We agree.

{¶23} Mother is not bonded to C.A.B. She has not participated in visitation because she wanted visitation to occur at Grandmother's home, not at MCCS facilities as required by MCCS. Grandmother is not bonded with C.A.B. C.A.B.'s older sibling was placed in the legal custody of Grandmother because the GAL stated it was in the best interests of the child *not* to be removed from her care, as he was bonded with Grandmother and his siblings. The GAL would not make the same recommendation for C.A.B. C.A.B. has been in the care of a foster-to-adopt family since his birth. Grandmother is now caring for five children, ages eight years old and under. There is clear and convincing evidence to support the trial court's decision that it is not in the best interest of C.A.B. to be placed in the custody of Mother or Grandmother.

{¶24} Upon a review of the record in light of the pertinent statutory factors, we find the record contains clear and convincing evidence to support the trial court's determination. The trial court did not err when it determined C.A.B. could not be placed with Mother in a reasonable time and the permanent custody of C.A.B. to MCCS was made in consideration of the child's best interests and was not an abuse of discretion.

{¶25} Mother's first and second Assignments of Error are overruled.

III.

{¶26} Mother argues in her third Assignment of Error that the trial court erred in finding MCCS made reasonable efforts to prevent the removal of C.A.B. We disagree.

{¶27} The trial court noted in its findings of facts that MCCS made reasonable efforts under R.C. 2151.419 to prevent the removal of C.A.B. and making it possible for the child to return home. Mother argues there is no evidence in the record to support the finding that MCCS made reasonable efforts to prevent the removal of C.A.B. from the home, to eliminate the continued removal of C.A.B. from the home, or to make it possible for C.A.B. to return safely home. A review of the record shows the reasonable efforts MCCS underwent to reunify Mother with her other children, but not specifically C.A.B.

{¶28} Under R.C. 2151.419(A)(2)(e), MCCS was not required to make reasonable efforts to prevent the removal of C.A.B. from the home or make it possible for C.A.B. to return home. The statute states:

{¶29} "(A)(1) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return

safely home. The agency shall have the burden of proving that it has made those reasonable efforts. If the agency removed the child from home during an emergency in which the child could not safely remain at home and the agency did not have prior contact with the child, the court is not prohibited, solely because the agency did not make reasonable efforts during the emergency to prevent the removal of the child, from determining that the agency made those reasonable efforts. In determining whether reasonable efforts were made, the child's health and safety shall be paramount.

{¶30} "(2) If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:

{¶31} "* * *

{¶32} "(e) The parent from whom the child was removed has had parental rights involuntarily terminated with respect to a sibling of the child pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to those sections." R.C. 2151.419(A)(1) and (2)(e).

{¶33} Mother's parental rights to three of her children, C.A.B.'s siblings, have been involuntarily terminated. The trial court's determination as to reasonable efforts is not fatal to this appeal because MCCS was not required to make reasonable efforts to reunite her with C.A.B. because Mother had her parental rights involuntarily

terminated with respect to three of her other children.  *In re Kinkel*, 5th Dist. No. 2006CA00358, 2007-Ohio-2322, ¶ 24.

{¶34} Mother's third Assignment of Error is overruled.

{¶35} The judgment of the Muskingum County Court of Common Pleas, Juvenile Division is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *In re C.A.B.*, 2012-Ohio-58.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|                    |   |                  |
|--------------------|---|------------------|
| IN RE:             | : |                  |
|                    | : |                  |
| C.A.B.             | : |                  |
|                    | : | JUDGMENT ENTRY   |
| DEPENDENT CHILD    | : |                  |
|                    | : |                  |
|                    | : | Case No. CT11-0032 |
|                    | : |                  |

For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN